Stephen R. Hormel
Hormel Law Office, L.L.C
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE STANLEY A. BASTIAN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 1:18-CR-2039-SAB-1 |
| ) | |
| vs. ) | RESPONSE TO PRESENTENCE |
| ) | INVESTIGATION REPORT |
| MARIA GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

MARIA GONZALEZ, through counsel, Stephen R. Hormel for Hormel Law Office, L.L.C.,submits the following Response to the Presentence Investigation Report (PSI):

1. **Acceptance of Responsibility Applies**.

The PSI concludes that acceptance of responsibility is not appropriate for this case because Ms. Gonzalez did not accept responsibility for her convictions in Cause No. 1:18-cr-2005-SAB for various drug trafficking offenses and firearms offenses. (ECF No. 154 at 15, ¶ 83). In support of that proposition, the PSI cites *United States v. Ginn*, 87 F.3d 367 (9th Cir. 1996). A later case, however, clarified the holding in *Ginn*. *United States v. Garrido*, 596 F.3d 613 (2010).

Response to PSI

1

*Garrido* held that "where a defendant accepts responsibility for all counts that are grouped under U.S.S.G. §§ 3D1.1-3D1.5, that defendant is eligible for the § 3E1.1 reduction for those counts, even if the defendant has not accepted responsibility for other counts which, under 3D1.1(b) are excluded from grouping." *Id.* at 619. What *Garrido* teaches *Ginn* only applies to those offenses the are "grouped" together into a single group.

In this case, Section 3D1.2(d) excludes from grouping "all offenses in Chapter Two, Part A (except § 2A3.5)." U.S.S.G. § 3D1.2(d). Thus, the drug offenses are grouped in a single group and Ms. Gonzalez is not entitled to a reduction for acceptance of responsibility for those offenses, even if she had entered a guilty plea to one of the drug offenses.

However, the conviction for attempted aggravated sexual abuse in this case is a separate group. It is not grouped with the drug offenses. Under the rationale in *Garrido*, the court may apply the acceptance of responsibility reduction for the aggravated sexual abuse offense since Ms. Gonzalez pleaded guilty to that offense.

2. **Leader/Organizer does not apply**.

The PSI enhances the offense level by 2 levels for organizer/leader. (ECF No. 154 at 17, ¶ 98). The Guidelines allow for a 2-level "organizer" enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving fewer than five "participants," provided that the criminal activity was not "extensive." U.S.S.G. § 3B1.1(c). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the

offense ... is not a participant." *Id*. cmt. n.1.  In order to impose the enhancement, there must be a "showing that the defendant had control over other[ ]" participants or "organiz[ed] other[ ] [participants] for the purpose of carrying out" the charged crimes.  *United States v. Whitney*, 673 F.3d 965, 975 (9th Cir. 2012) (internal quotation marks omitted).  A defendant "organizes" other participants if the defendant has "the necessary influence and ability to coordinate the[ir] behavior ... so as to achieve the desired criminal result[s]." *United States v. Doe*, 778 F.3d 814, 826 (9th Cir. 2015); *see also United States v. Avila*, 95 F.3d 887, 890 (9th Cir. 1996) (stating that "some degree of control or organizational authority over others is required" in order for a § 3B1.1 enhancement to be proper (internal quotation marks omitted)).

Mere facilitation of criminal activity is not sufficient to support the enhancement. *Doe*, 778 F.3d at 825. Nor is it sufficient for a defendant to have organized property or activities-the defendant must have organized participants. *Id*. at 824 n.4.

"Co-equal" participants where evidence of a joint venture is undertaken, the "organizer" enhancement does not apply.  *See* U.S.S.G. § 3B1.1 cmt. background ("Th[e] adjustment [of § 3B1.1] is included primarily because of concerns about relative responsibility. ... [I]t is also likely that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it ...."); *see also United States v. Egge*, 223 F.3d 1128, 1133 (9th Cir. 2000) ("Section 3B1.1  attempts to apportion relative responsibility where an offense involves multiple participants ...." (emphasis added)).  *Compare Whitney*, 673 F.3d at 969,

Response to PSI

3

975-76 (holding that an organizer enhancement was not warranted where the defendant merely "supplied [a co-conspirator] with tax forms and information on filing false returns"), *with Doe*, 778 F.3d at 826 (upholding an organizer enhancement where the defendant "put the [drug] deal[s] together by negotiating the type, quantity, and price of drugs for each transaction, and then ensured the drugs, money, and participants arrived when and where needed").

Ms. Gonzalez did not exercise control nor any "organizational authority" over the others. If Ms. Gonzalez "organized" the other by telling them how to go about committing the offense, then it would follow that nearly every co-conspirator in a limited conspiracy of equals would be an "organizer" of his or her comrades, and the enhancement of § 3B1.1(c) would be all but automatic for all conspirators in such cases. Such a result is inconsistent with the main purpose of the "organizer" enhancement, which is to "apportion relative responsibility where an offense involves multiple participants." *Egge*, 223 F.3d at 1133 (emphasis added).

Ms. Gonzalez was not the primary principal in committing the underlying offense. The evidence is that each of the co-defendants participated in their respective roles in the offense, voluntarily and are equally culpable for the events that occurred. The record does not support the conclusion that Ms. Gonzalez exercised sufficient control or organizational authority over the others to qualify for the 2-level enhancement of § 3B1.1.(c). *United States v. Holden*, 908 F.3d 395, 401-03 (9th Cir. 2018).

3. **<u>Obstruction does not apply.</u>**

The PSI enhances the offense level by 2 levels for obstructing justice. (ECF No. 154 at 17-18, ¶ 99). The PSI states:

> The defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice when the defendant approached the victim and told her not to report he rape to the jail officers and when she told Ms. Cloud and Ms. Hernandez-Proctor that if questioned by the jail officers, they should say there were trying to help the victim because she was hitting herself. See USSG §3C1.1, comment. (n. 4(A) and (G)).

(ECF No. 154 at 15, ¶ 81). The alleged conduct occurred prior to the investigation into the allegations.

Commentary to the Guidelines state: "[o]bstruction conduct that occurred prior to the start of an investigation of the instant offense of conviction may be covered bye this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." U.S.S.G. § 3C1.1, comment. n. 1. Any pre-investigation conduct as described does not establish the likelihood that the investigation into the matter was likely to be thwarted. Indeed, the investigation was not thwarted or delayed in any fashion in this case.

The Ninth Circuit has held, under 3C1.1 "that 'willful' means only that the defendant have engaged in intentional or deliberate acts designed to obstruct any potential investigation, *at the time an investigation was in fact pending*; it does not mean the defendant had to know for certain that the investigation was pending *United States v. Gilchrist*, 658 F.3d 1197, 1206 (9th Cir. 2011) (emphasis added). Since Ms. Gonzalez's conduct, as described in paragraph 81, occurred prior to the

Response to PSI

5

commencement of an investigation, then the 2 level enhancement does not apply. *Id.*

4.  **Guideline Range Calculation**.

    The Guidelines should be calculated as follows:

| | | | |
|---|---|---|---:|
| A. | Drug Offense Level | | 32 |
| B. | Attempted Aggravated Sexual Abuse: | Base Offense Level | 30 |
| | | + § 2A3.1(b)(1) | 4 |
| | | + § 2A3.1(b)(3) | 2 |
| | | - § 3E1.1 | 3 |
| | | Subtotal: | 33 |
| | | + § 3D1.4(a) 2 Units | 2 |
| | | Total: | 35 |

With a criminal history category III, the guideline range is 210 months to 262 months in prison.

    It is requested that the Court impose no more than a combined sentence of 210. This includes 150 months on this case, 120 months on the drug offenses to run concurrent with this case, and a 5 year sentence on the firearm in furtherance of the drug trafficking to run consecutive to the drug offense convictions and the conviction in this case.

Dated this 25th day of September, 2019.

Respectfully Submitted,

*s/ Stephen R. Hormel*
WSBA # 18733
Stephen R. Hormel
Hormel Law Office, L.L.C
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Ian Garricks, Troy Clements and Thomas Hanlon, Assistant United States Attorneys.

*s/ Stephen R. Hormel*
WSBA # 18733
Stephen R. Hormel
Hormel Law Office, L.L.C
17722 East Sprague Avenue
Spokane Valley, WA 99016
Telephone: (509) 926-5177
Facsimile: (509) 926-4318